NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001023
30-DEC-2015
09:46 AM

NO. CAAP-14-0001023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHARLES McCAFFERY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-13-03515)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise, and Leonard, JJ.)

After a bench trial, Defendant-Appellant Charles McCaffery (McCaffery) was found guilty of operating a vehicle under the influence of an intoxicant (OVUII), as a second offense within five years, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (b)(2) (Supp. 2015).[1] The District Court of

---

[1] HRS § 291E-61 provides in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

. . . .

(b) A person committing the offense of operating a vehicle
(continued...)

the First Circuit (District Court)[2/] sentenced McCaffery to 240 hours of community service, revocation of his driver's license for eighteen months, a fine of $500, substance abuse treatment, and various fees.

McCaffery appeals from the Judgment entered by the District Court on August 5, 2014. On appeal, McCaffery contends: (1) the District Court erred in failing to engage McCaffery in a colloquy regarding his stipulation that Officer Billins was trained and qualified to conduct standardized field sobriety tests; (2) the Circuit Court erred in admitting evidence of a certified judgment and a certified abstract of McCaffery's prior OVUII conviction that had not been disclosed in discovery; (3)

---

[1/] (...continued)
under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:

. . . .

    (2)     For an offense that occurs within five years of a prior conviction for an offense under this section or section 291E-4(a):

        (A)    Revocation for not less than eighteen months nor more than two years of license and privilege to operate a vehicle during the revocation period and installation during the revocation period of an ignition interlock device on any vehicle operated by the person;

        (B)    Either one of the following:

           (i)    Not less than two hundred forty hours of community service work; or

           (ii)   Not less than five days but not more than thirty days of imprisonment, of which at least forty-eight hours shall be served consecutively;

        (C)    A fine of not less than $500 but not more than $1,500;

        (D)    A surcharge of $25 to be deposited into the neurotrauma special fund; and

        (E)    A surcharge of up to $50 if the court so orders, to be deposited into the trauma system special fund[.]

[2/] The Honorable Michael Marr presided.

the Deputy Prosecuting Attorney (DPA) committed prosecutorial misconduct, most significantly in repeatedly asking leading questions to elicit evidence regarding McCaffery's demeanor; and (4) there was insufficient evidence to support McCaffery's conviction. We affirm.

I.

We resolve the arguments McCaffery raises on appeal as follows:

1. The District Court was not required to engage McCaffery in a colloquy regarding his stipulation that Officer Billins was trained and qualified to conduct standardized field sobriety tests. As the DPA was about to question Officer Billins about his training in administering field sobriety tests, defense counsel interrupted and stated he was willing to stipulate to Officer Billins' training and qualifications. Defense counsel informed the District Court that McCaffery would stipulate that "Officer Billins is trained and qualified to administer and evaluate the standardized field sobriety tests under the National Highway Traffic Safety Administration regulation . . . or standards." Plaintiff Appellee State of Hawaiʻi (State) accepted McCaffery's stipulation.

McCaffery cites no authority to support his claim that a trial court must colloquy the defendant when defense counsel offers to stipulate to a witness's training and qualifications. In State v. Murray, 116 Hawaiʻi 3, 169 P.3d 955 (2007), the Hawaiʻi Supreme Court only imposed a colloquy requirement where a defendant stipulates to an element of the offense. See Murray, 116 Hawaiʻi at 14, 169 P.3d at 966. The supreme court in Murray did not overrule its prior decisions generally permitting defense counsel to stipulate to evidence as a matter of trial strategy without the necessity of a colloquy with the defendant. See State v. El'Ayache, 62 Haw. 646, 650, 618 P.2d 1142, 1144 (1980) (holding that the trial court did not err in admitting stipulations regarding witness testimony into evidence "without first determining whether defendant had knowingly and voluntarily

waived her constitutional right to confront and cross-examine the witnesses"); State v. Oyama, 64 Haw. 187, 188-89, 637 P.2d 778, 779-80 (1981) (rejecting the defendant's claim that the "trial court erred in admitting the stipulations without first examining [the defendant] to determine whether [he] knowingly and intelligently waived his constitutional right of confrontation"). We conclude that the District Court was not required to colloquy McCaffery regarding his stipulation; therefore, it did not err in failing to engage in a colloquy before accepting his stipulation.

2.      The Circuit Court did not err in admitting evidence of a certified judgment and a certified abstract of McCaffery's prior OVUII conviction, which McCaffery asserts had not been disclosed in discovery.  The discovery obligations set forth in Hawaiʻi Rules of Penal Procedure (HRPP) Rule 16 (2012) do not apply to non-felony prosecutions, such as this case, unless required by the trial court.  See HRPP Rule 16(a), (d). Even assuming that HRPP Rule 16 discovery obligations were applicable, the District Court did not err.

Under HRPP Rule 16, the trial court has discretion to fashion an appropriate remedy for discovery violations, and it "may order [the violating] party to permit the discovery, grant a continuance, or it may enter such other order as it deems just under the circumstances."  HRPP Rule 16(e)(9)(i).

McCaffery was charged with OVUII as a second offense and thus was on notice that the State was required to prove that he had a prior OVUII conviction within five years of the currently charged offense.  During trial, the State offered as evidence a certified judgment of McCaffery's prior OVUII conviction and a certified traffic abstract listing his prior OVUII conviction.  McCaffery objected on the ground that he had not received such evidence in discovery.  The DPA informed the District Court that a "discovery packet" had been made available for the defense, but the DPA did not know whether the certified judgment (or apparently the certified traffic abstract) had been included in the discovery.

4

The State first moved for the admission of the certified judgment. The District Court offered to give McCaffery time to review the certified judgment, but defense counsel responded, "I don't need to review that." The District Court admitted both the certified judgment and the certified traffic abstract into evidence. The District Court offered to grant a continuance to McCaffery after the State rested "to mitigate any prejudice that the defense . . . believes it may have suffered." However, McCaffery did not seek a continuance. Under these circumstances, we conclude that the District Court did not abuse its discretion in permitting the State to introduce the certified judgment and the certified abstract of McCaffery's prior OVUII conviction. See State v. Dowsett, 10 Haw. App. 491, 495, 878 P.2d 739, 742 (1994) (stating that among the factors the trial court should consider in exercising its broad discretion in imposing sanctions under HRPP Rule 16 is the feasibility of rectifying the prejudice from a discovery violation through a continuance).

3. McCaffery argues that the DPA committed prosecutorial misconduct, most significantly in repeatedly asking leading questions to elicit evidence regarding McCaffery's demeanor. We disagree. McCaffery did not seek a mistrial based on the DPA's alleged misconduct during trial. Our review of the record does not reveal any misconduct by the DPA which would warrant overturning McCaffery's conviction.

McCaffery's objections on the ground that the DPA was asking leading question were generally sustained by the District Court. The fact that this was a bench trial further diminishes any prejudice from the DPA's alleged misconduct in asking questions. "[I]n a bench trial, the normal rule is that if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only." State v. Montgomery, 103 Hawai'i 373, 383, 82 P.3d 818, 828 (App. 2003) (format

5

altered and citation omitted); State v. Antone, 62 Haw. 346, 353, 615 P.2d 101, 107 (1980) ("It is well established that a judge is presumed not to be influenced by incompetent evidence.").

4. We reject McCaffery's contention that there was insufficient evidence to support his conviction. When viewed in the light most favorable to the State, the evidence showed that McCaffery was pulled over for speeding for traveling 71 miles per hour in a 55 mile per hour zone; he was also observed "straddling the right shoulder and Number 4 lane"; Officer Billins smelled a strong odor of alcohol emitting from McCaffery's truck and a moderate odor of alcohol coming from McCaffery's breath; McCaffery gave Officer Billins a false name; McCaffery admitted that he had been drinking before being stopped by Officer Billins; McCaffery performed poorly on the walk-and-turn and one-leg stand tests; on the walk-and-turn test, he started too early, missed several heel-to-toe steps, raised his arms once, and stopped walking; on the one-leg stand test, he put his foot down and swayed; and he had previously been convicted of OVUII within five years of the currently charged OVUII offense. We conclude that there was sufficient evidence to support McCaffery's conviction.

II.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, December 30, 2015.

On the briefs:

Daniel Kawamoto
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge